JUSTICE TRIEWEILER
dissenting.
¶30 I dissent from the majority opinion. I would reverse the judgment of the District Court.
¶31- The majority opinion is predicated on the majority’s conclusion that the judgment entered by the District Court for the Thirteenth Judicial District in Big Horn County on August 28,1990, was in the nature of injunctive, rather than declaratory relief and that, therefore, principles of res judicata did not bar reconsideration of the issues resolved by that judgment. I disagree.
¶32 As noted in the Court’s original judgment:
[T]his action is brought under §§ 15-1-406 and 15-1-407(3), MCA. The procedures of §§ 15-1-406,15-1-407, and 15-1-408, MCA, the alternative remedy of declaratory judgment in tax matters, control this action.
¶33 In other words, Plaintiffs’ action was brought pursuant to Title 15, Chapter 1, Part 4, which provides the method for protesting property taxes and recovering those amounts which have been unlawfully imposed. Section 15-1-404, MCA, of that chapter specifically provides as follows:
The remedies hereby provided shall supersede the remedy of injunction and all other remedies which might be invoked to prevent the collection of taxes or licenses alleged to be irregularly levied or demanded, except in unusual cases where the remedies hereby provided are deemed by the court to be inadequate.
¶34 Section 15-1-406, MCA, pursuant to which the parties agreed relief was entered, provides in relevant part as follows:
(1) An aggrieved taxpayer may bring a declaratory judgment action in the district court seeking a declaration that:
(b) a tax authorized by the state or one of its subdivisions was illegally or unlawfully imposed or exceeded the taxing authority of the entity imposing the tax.
*295 (5) The remedy authorized by this section is the exclusive method of obtaining a declaratory judgment concerning a tax authorized by the state or one of its subdivisions.
¶35 Relief was granted pursuant to § 15-1-408, MCA, which provides that:
If the district court determines that the tax was illegally or unlawfully imposed or exceeded the taxing authority of the entity imposing the tax, the judgment may direct:
(1) that the revenue collected under the illegal tax be directly refunded to the taxpayers who have paid the illegal tax and who have not been excluded from the action;
(2) that the revenue collected under the illegal tax be used to reduce a similar levy in the ensuing tax year;
(3) that the assessment be changed for the taxpayer or taxpayers who brought the action as well as for all similarly situated taxpayers; or
(4) any other remedy as the court considers appropriate.
¶36 In this case, the court granted relief pursuant to subparagraphs (1) and (4), of § 15-1-408, MCA. It ordered that illegally collected taxes be refunded to the taxpayers who brought the action and that they not be collected in the future. However, both forms of relief were pursuant to the declaratory judgment action provided for in § 15-1-406, MCA. They were not in the form of injunctive relief which is specifically precluded by § 15-1-404, MCA. In fact, nowhere in the District Court’s August 28, 1990 order is the word “enjoin” or any of its derivative forms mentioned. The Court stated:
It is the judgment of this Court that Defendants may not collect property tax on Plaintiffs’ land within the boundaries of the Crow Reservation that has never been allotted under the General Allotment Act and is owned by an enrolled member of the Crow Tribe. The Court stated:
Section 15-1-406, MCA, states in part:
The decision of the court shall apply to all similarly situated taxpayers except those taxpayers who are excluded under 15-1-407.
Section 15-1-408, MCA, allows this Court to fashion a remedy to implement the declaratory judgment.
(B) Removal from tax rolls.
*296 This declaratory ruling establishes a future tax exempt status for land that is located within the Crow Reservation, has never been subject to the General Allotment Act and is owned by an enrolled Crow Tribe member. This land may be removed from the tax rolls as follows:
¶37 In other words, the principal thrust of the District Court’s 1990 judgment was to provide for declaratory relief. The declaratory relief was sufficient to exempt the taxpayer’s property from taxation on a stand-alone basis. It was not necessary to additionally enjoin Big Horn County or the State of Montana from prospective conduct. Any incidental language to that effect was gratuitous, unnecessary, and, in fact, contrary to the specific prohibition of injunctive relief found at § 15-1-404, MCA.
¶38 For these reasons, when federal decisional law changed from what had been in effect at the time of the District Court’s August 28, 1990 order, the only procedure available to the State or to the county for relief from that judgment was Rule 60(b)(6), M.R.Civ.R, or the residual clause of Rule 60(b), M.R.Civ.R Big Horn County filed a motion for Rule 60(b), M.R.Civ.P. relief. The District Court did not act on that motion within 60 days and it was therefore deemed denied pursuant to Rule 60(c), M.R.Civ.P. However, neither the county nor the State appealed from the District Court’s denial of their Rule 60(b) motion. Therefore, the District Court’s denial is final.
¶39 For these reasons, I would reverse the judgment of the District Court and I dissent from the majority opinion.
JUSTICE HUNT and JUSTICE NELSON, join in the foregoing dissenting opinion.